

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| GEORGE ANTHONY ZUNIGA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:16-CV-0127 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION TO DENY AND DISMISS MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

Before the Court is petitioner GEORGE ANTHONY ZUNIGA's pleading which has been filed as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody filed on June 23, 2016. (ECF No. 1). Although petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, he raised no grounds in the form for a § 2255 motion. He did, however, attach to his motion a letter from the Federal Public Defender, Northern District of Texas, and a form for a Motion for Authorization to File a Successive Application under 28 U.S.C. § 2255, which does contain the ground Zuniga claims he would assert. Petitioner did not send this "motion" to the Fifth Circuit, and petitioner has not filed a previous Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. Accordingly, the Court will construe the entire document as petitioner's first § 2255 motion.

By his motion, petitioner challenges his 87-month sentence imposed pursuant to his conviction for Possession with Intent to Distribute 50 Grams or More of Methamphetamine and

Aiding and Abetting, apparently arguing such sentence is unconstitutional in light of *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015). For the reasons set forth below, petitioner's motion should be DENIED and DISMISSED.

## I.
## PROCEDURAL HISTORY

On August 14, 2014, petitioner pleaded guilty to the felony offense of Possession with Intent to Distribute 50 Grams or More of Methamphetamine and Aiding and Abetting in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii), and 18 U.S.C. § 2. A Presentence Report (PSR)[1] prepared in the case assigned a Total Offense Level of 25, which included a 2-level enhancement pursuant to USSG § 2D1.1(b)(1) for possession of a dangerous weapon. The PSR also included a 3-level reduction based on acceptance of responsibility pursuant to USSG § 3E1.1(a), (b).

On October 9, 2014, the United States District Judge sentenced petitioner to a term of 87 months imprisonment, a sentence within the advisory guideline range of 84 to 105 months, and Judgment was entered. Petitioner did not directly appeal his conviction to the United States Court of Appeals for the Fifth Circuit.

## II.
## PETITIONER'S ALLEGATIONS

In his motion, petitioner appears to argue his sentence is unconstitutional because:

> . . . the conviction for possessing a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c), cannot withstand scrutiny. [Petitioner] contends that the rule in *Johnson* applies to 18 U.S.C. § 924(c)'s residual clause, and without that clause the federal offense of 924(A)(2) is no longer a crime of violence.

---

[1] The 2013 United States Sentencing Guidelines Manual was utilized in preparing the PSR.

III.
APPLICABILITY OF *JOHNSON*

In *Johnson*, the United States Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act ["ACCA"] violates the Constitution's guarantee of due process." *Id.*, 135 S. Ct. at 2563.[2] The Court subsequently held the ruling in *Johnson* applies retroactively to cases on collateral review. *Welch v. United States*, ___ U.S. ___, 136 S. Ct. 1257, 194 L. Ed. 2d 387 (2016).

Here, petitioner was not sentenced under the ACCA, much less the residual clause of the ACCA. While he was originally indicted on a count under 18 U.S.C. § 922(g), that count was dismissed as part of his plea agreement. Consequently, the *Johnson* decision regarding the constitutionality of the residual clause of the ACCA is not implicated in this case. Petitioner was not sentenced under the residual clause of the ACCA, and he has no arguable claim of relief under *Johnson*.

IV.
STATUTE OF LIMITATIONS

Title 28 U.S.C. § 2255(f) provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme

---

[2]Specifically, the Court determined the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii) was unconstitutionally vague to the extent it defined "violent felony," for purposes of the statute, to include any crime which "otherwise involves conduct that presents a serious potential risk of physical injury to another."

>Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner presumably asserts subsection (f)(3) should apply to this case, asserting a violation of a right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, *i.e.*, the *Johnson* ruling. However, as set forth above, *Johnson* is not applicable to this case. As petitioner's motion to vacate is not based upon a newly recognized right and as petitioner has not asserted the Government created an unconstitutional impediment to his filing the instant motion, this case is controlled by subsection (f)(1) of section 2255's limitation period provisions and the limitation period in this case began on the date on which petitioner's judgment of conviction became final.

Petitioner was sentenced on October 9, 2014, and Judgment was entered the same date. Petitioner did not seek a direct appeal of his conviction. Consequently, petitioner's judgment of conviction became final on October 23, 2014, upon the expiration of time to seek direct appellate review. *See* Fed. R. App. P. 4(b)(1)(A)(I) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of . . . the judgment . . . being appealed."). The one-year statute of limitations thus began to run on October 23, 2014, making petitioner's motion to set aside, vacate, or correct his sentence due to be filed on or before October 23, 2015. On June 20, 2016, petitioner placed the instant motion in the prison mailing system, such petition being received and filed of record on June 23, 2016. Petitioner's motion, treated as filed June 20, 2016, was filed well over one year after his conviction became final.

To the extent petitioner's claims are based on *Johnson*, the motion to set aside, vacate, or correct his sentence should be denied as *Johnson* is not applicable here. Any other claim his motion

asserts is untimely and petitioner's motion to set aside, vacate or correct his sentence as to those claims should be dismissed.

## V.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed by petitioner GEORGE ANTHONY ZUNIGA be DENIED as to his *Johnson* claim and be DISMISSED as to all other claims.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file marked copy of this Report and Recommendation to petitioner and to each attorney of record by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this ____4th____ day of November 2016.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).